

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable V. B. Goar
County Attorney, Blanco County
Johnson City, Texas

Dear Sir:

Opinion No. O-1440
Re: The authority of the Commissioners'
Court of Blanco County to employ counsel
to represent the Commissioners' Court
in a suit brought to set aside an order
of the Commissioners' Court distributing
automobile registration fees.

We acknowledge receipt of your letter of September 12, 1939, in which you request our opinion with reference to the following matter:

On April 12, 1937, the Commissioners' Court of Blanco County passed an order providing that the automobile registration tax should be divided among the commissioners' precincts in Blanco County in the proportion of the amount of tax paid by the automobile owners in each precinct. A suit has been filed by a number of citizens of Precinct No. 3 and the Commissioner of Precinct No. 3, individually and as Commissioner of Precinct No. 3, against the County Judge and the Commissioners of Precincts Numbers 1, 2 and 4, in which the plaintiffs pray that they have judgment setting aside the said order of April 12, 1937, and that the defendants be instructed and directed by the court as to their proper duty and authority in the expenditure of the road and bridge fund, and restraining the Commissioners' Court and the members thereof from arbitrarily misapplying said fund.

We also acknowledge receipt of your letter of September 15, 1939, with which you enclose a copy of the plaintiffs' petition in the above case. We note that this petition states that the plaintiffs are complaining of the Commissioners' Court of Blanco County, Texas, although only three of the commissioners are named as defendants.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable V. B. Goar, Page 2

You further state in your letter of September 12, 1939, that "On the 11th day of September, 1939, the Commissioners' Court passed an order whereby it was authorized to employ a lawyer to represent the three precincts in Blanco County in the above mentioned law suit to be paid out of County Funds." The question you ask is as follows:

"Is the County authorized to employ counsel in a case of this kind and pay his fee out of County Funds?"

Our answer to your question is that the Commissioners' Court of Blanco County is authorized to employ counsel in a case of this kind to represent the Commissioners' Court and to pay his fee out of county funds.

In the case of City National Bank of Austin v. Presidio County, 26 S. W. 775, it was held that the Commissioners' Court was authorized to hire counsel to represent the Commissioners' Court in a suit which was brought against the County Judge and the Commissioners to enjoin alleged illegal action of the Commissioners' Court in removing the county seat of Presidio County from Fort Davis to Marfa. The court held that while the suit was nominally against the defendants as individuals, it was designed to control the performance of their official acts, and therefore was a matter of concern to the county. In this connection the court said:

"While it was nominally a suit against them as individuals, its design and effect was to obstruct and control the performance of their official acts, and we are not disposed to hold in such a case that they must do nothing towards defending such suit, or must employ counsel at their own expense. They had power to employ counsel, and to defray the reasonable expense thereof out of the county funds."

The court also held that the right to employ counsel was not dependent upon whether the order of the Commissioners' Court which was under attack was valid or invalid. On this point the court said:

"The validity of their acts was not affected by the fact that they were mistaken, or that there was an adverse decision of the question. It has been frequently held that the power cannot be measured by such a rule."

The disposition of that portion of the county road and bridge fund consisting of automobile registration fees is controlled by Article 6675a-10 of the Revised Civil Statutes, and is

Honorable V. B. Goar, Page 3

a matter which lies within the jurisdiction of the Commissioners' Court. See Stovall v. Shivers, 73 S. W. (2d) 276, affirmed, 103 S. W. (2d) 363. This Department has written an opinion on this subject, being opinion No. O-1091, by Honorable Dick Stout, Assistant Attorney General, addressed to Honorable Sam T. Holt, County Attorney, Panola County, Carthage, Texas. For your convenience, we are enclosing herewith a copy of this opinion.

The distribution of the automobile registration fees belonging to the county road and bridge fund is a matter of concern to the county. The suit in the District Court is a suit to restrain the County Judge and the Commissioners in the performance of their official duties. We are therefore of the opinion that the Commissioners' Court has the authority to hire counsel to represent the Commissioners' Court in the suit referred to in your letter. It is well settled that the commissioners' courts have the power to hire counsel to represent the county in matters that directly concern the county business. Adams v. Seagler, 112 Tex. 563, 250 S. W. 413; Galveston County v. Gresham, 220 S. W. 560; Gibson v. Davis, 236 S. W. 202; Nunn-Warren Publishing Co. v. Hutchinson County, 45 S. W. (2d) 651.

Since the suit is against the Commissioners' Court, according to the allegations in the petition, and since the purpose of the suit is to set aside or revise an order of the Commissioners' Court acting in its official capacity, we do not believe that the fact that only three members of the Commissioners' Court are made defendants would affect the right of the Commissioners' Court to employ special counsel to represent the Commissioners' Court. The contract of employment however would have to be a contract to represent the Commissioners' Court and not a contract to represent the three precincts whose commissioners are named as defendants; otherwise, we do not believe that there would be any lawful authority to expend county funds for the hiring of the attorney.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *James P. Hart*
James P. Hart
ASSISTANT

APPROVED SEP 19. 1939

JPH:AMM

ENCLOSURE

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN